**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SALANDA VILLAFANE,** | ) | |
| **MEDORA EAVES,** | ) | **CIVIL ACTION** |
| formerly known as | ) | |
| **MEDORA EAVES WRIGHT,** | ) | **FILE NO. 1:07-CV-0507 (BBM)** |
| Individually, and as class representatives | ) | |
| for all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MONEY MANAGEMENT,** | ) | |
| **INTERNATIONAL, INC.,** | ) | |
| and | ) | |
| **UNKNOWN PARTIES A, B, C, and D,** | ) | |
| Whose real and proper identities are | ) | |
| Unknown at present, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

COME NOW, Plaintiffs, SALANDRA VILLAFANE and MEDORA EAVES, and Defendant, MONEY MANAGEMENT INTERNATIONAL, INC., and submit the following Joint Preliminary Report and Discovery Plan, pursuant to Local Rule 16.2:

**1.      Description of Case:**

(a) Describe briefly the nature of this action:

This is a putative class action filed by Plaintiffs, individually and as and class representatives, against Defendant Money Management International, Inc. ("MMI") for MMI's alleged violations of the Georgia Debt Adjusting Act, OCGA §§ 18-5-1. Plaintiffs also claim that MMI has been unjustly enriched by "fair share contribution" payments from Plaintiff's creditors during the period of MMI's alleged violation of the Debt Adjusting Act, and seek disgorgement of these payments. MMI denies liability, and denies that class certification is appropriate.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Defendant MMI is a credit counseling organization offering, among other things, debt management services.

On or about December 20, 1999, while living in New York, Plaintiff Villafane entered into an agreement with MMI for MMI to provide debt-adjusting services. Pursuant to the agreement between Plaintiff Villafane and MMI, MMI received money from Plaintiff for MMI to pay to Plaintiff's creditors. MMI also received funds from Plaintiff that were not distributed to Plaintiff's creditors, but were retained by MMI. In or about June 2001, Plaintiff Villafane moved to Georgia. MMI continued to receive the aforementioned funds from Plaintiff Villafane until August 26, 2004.

Plaintiff Eaves entered into a contract with Ameridebt ("Eaves-Ameridebt contract"). At some point, the Eaves-Ameridebt contract was assigned to MMI. Pursuant to the Eaves-Ameridebt contract, MMI began to receive money from Plaintiff for MMI to pay to Plaintiff's creditors. MMI also received funds from Plaintiff that were not distributed to Plaintiff's creditors, but were retained by MMI.

MMI has received payments known as "fair share contributions" from some of its customers' creditors.

(c) The legal issues to be tried are as follows:

(1) Whether MMI violated the provisions of OCGA §§ 18-5-1 *et seq.* concerning any members of a properly-certified class;

(2) Whether MMI has been unjustly enriched by receiving "fair share contributions" while allegedly operating in violation of OCGA §§18-5-1 *et seq.* concerning any members of a properly-certified class*;*

(3) Whether Plaintiffs are appropriate representatives of the putative class under Rule 23;

(4) Whether this case can and should proceed as a class action under Fed. R. Civ. P. 23.

    (d)    The cases listed below (include both style and action number) are:

        (1) Pending Related Cases:  None.

        (2) Previously Adjudicated Related Cases:  None.

**2.  This case is complex because is possesses one (1) or more of the features listed below (please check):**
      ___X___(1)  Unusually large number of parties [*if the class is certified*]
      _____(2)  Unusually large number of claims or defenses
      _____(3)  Factual issues are exceptionally complex
      _____(4)  Greater than normal volume of evidence
      ___X___(5)  Extended discovery period is needed
      _____(6)  Problems locating or preserving evidence
      _____(7)  Pending parallel investigations or action by government
      _____(8)  Multiple use of experts
      _____(9)  Need for discovery outside United States boundaries
      _____(10)  Existence of highly technical issues and proof

    Not applicable.

**3.  Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:        James W. Hurt, Jr.
                        Irwin W. Stolz, Jr.
                        WINBURN, LEWIS & STOLZ, LLP
                        279 Meigs Street
                        Athens, Georgia 30601
                        (706) 353-6585 - *Telephone*
                        (706) 354-1785 - *Facsimile*
                        jhurt@wlsattorneys.com
                        istolz@wlsattorneys.com

                        George Richard DiGiorgio

        Jon C. Conlin
        CORY, WATSON, CROWDER & DEGARIS, P.C.
        2131 Magnolia Avenue
        Birmingham, AL  35205
        Telephone:  (205) 328-2200
        Fax No.:     (205) 324-7896
        rdigiorgio@cwcd.com

Defendants:

        Chris Jensen
        Clark E. Gulley
        FOSTER, JENSEN & GULLEY, LLC
        1447 Peachtree Street, NE, Suite 1009
        Atlanta, GA 30309-3027
        Telephone:  (404) 873-5200
        Fax No.      (404) 873-6560
        dcjensen@mindspring.com
        Clark.Gulley@FJGLaw.net

        Lawrence H. Cooke II
        Edward P. Boyle
        Michael C. Hartmere
        VENABLE LLP
        Chrysler Building
        405 Lexington Avenue, 56th Floor
        New York, NY 10174
        (212) 307-5500
        (212) 307-5598 (fax)
        lhcooke@venable.com
        epboyle@venable.com
        mchartmere@venable.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

( ) Yes     ( X ) No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

**5. Parties to this Action:**

(a) The following persons are necessary parties who have not been joined:

None.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary planning report is filed or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within 20 days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties have no objection.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a conference at this time.

**10. Discovery Period**

The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>By Plaintiff:</u>

- The process of operation of the Defendant's credit counseling programs,

- The process of operation of the Defendant's Debt Management Program;

- The nature of and the provisions of any contract between Plaintiffs, any members of the putative class and Defendant;

- The nature of and the provisions of any assignments of contracts or agreements between any resident debtor of the state of Georgia and the assignor(s) of Defendant;

- The number of Georgia resident debtors with whom Defendant engaged in debt management services or credit counseling services from July 1, 2003 to present;

- Monies received from Plaintiffs and the putative class by Defendant for any purpose from July 1, 2003 to present;

- All contact and communications Defendant had with Plaintiffs' creditors;

- All contact and communications Defendant had with Plaintiffs;

- All contact and communications Defendant had with creditors of Georgia resident debtors identified as the putative class;

- Defendant's efforts and actions taken in an effort to comply with the statutory requirements of the state of Georgia as to debt adjusting activities (OCGA §§ 18-5-1 *et seq.*);

- Itemization of "Fair Share Contributions" or other monies received by Defendant from the creditors of Plaintiffs and the putative class which were associated with the payments made to said creditors for Plaintiffs;

- Itemization of "Fair Share Contributions" or other monies received by Defendant from the creditors of Georgia resident debtors from July 1, 2003 through the present date which were associated with the payments made to said creditors for the Georgia resident debtors;

- Identification of Georgia residents who participated in Defendant's DMP's;

- Defendant's advertising which may have been viewed by Georgia residents who participated in Defendant's DMP's;

Plaintiffs reserve the right to amend as discovery proceeds.

By Defendant:

- Plaintiffs' relationship with MMI, including the facts leading up to the formation of the relationship, and the services provided by MMI for Plaintiffs;

- All communications between Plaintiffs and MMI;

- Plaintiffs' qualifications, capacity and appropriateness to serve as representatives for the putative class alleged in the complaint, including all Rule 23 criteria;

- Facts relating to the scope of any putative class;

- Plaintiff Villafane's move from New York to Georgia;

- Plaintiff Eaves' relationship with AmeriDebt, including the facts leading to the formation of the relationship;

- All communications between Plaintiff Eaves and AmeriDebt;

- Plaintiffs' communications with putative class members;

- Plaintiffs' communications with third parties about the facts giving rise to this action;

MMI reserves the right to amend as discovery proceeds.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

> This is a putative class action, and the parties agree that the most efficient way to proceed is to have two phases of discovery. The first phase shall be limited to discovery relating to all issues affecting certification of the putative class. At the conclusion of this phase, the parties shall brief the class certification issue for the Court. If a class is certified, the parties will conduct a general discovery phase on remaining issues.

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

<u>By Plaintiff:</u>

See Section 10.

<u>By Defendant:</u>

See Section 10.  In addition, MMI will request the entry of a protective order governing the disclosure, use and confidentiality of sensitive information that may be sought in discovery.  Of particular concern is private and financial information concerning MMI's customers.  MMI will present Plaintiffs with a draft stipulated protective order for review shortly.

**12.  Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

See Section 11.

**13. Settlement Potential**

(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 17, 2007 and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

    For Plaintiff:    James W. Hurt, Jr.
                              George Richard DiGiorgio

        Other participants: None.

    For Defendant:    Lawrence H. Cooke II
                                Edward P. Boyle

        Other participants: None.

(b) All parties were promptly informed of all offers of settlement following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c) Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined at this time.

(d) The following specific problems have created a hindrance to settlement of this case:

None.

**14. Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this day of _____, 2006.

(b)    The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

This 30th day of April, 2007.

                                    *s/ James W. Hurt, Jr.*
                                    James W. Hurt, Jr.
                                    Georgia Bar No.  380104
                                    Irwin W. Stolz, Jr.
                                    Georgia Bar No. 683700
                                    Attorneys for Plaintiff

WINBURN, LEWIS & STOLZ  LLP
279 Meigs Street
Athens, Georgia 30601
(706) 353-6585 - *Telephone*
(706) 354-1785 - *Facsimile*
jhurt@wlsattorneys.com
istolz@wlsattorneys.com

                                                      Chris Jensen  
                                                      GA Bar No. 391250  
                                                      Clark E. Gulley  
                                                      GA Bar No. 315191  
                                                      Attorneys for Defendant

FOSTER, JENSEN & GULLEY, LLC  
1447 Peachtree Street, NE, Suite 1009  
Atlanta, GA 30309-3027  
Telephone:  (404) 873-5200  
Fax No.       (404) 873-6560  
dcjensen@mindspring.com  
Clark.Gulley@FJGLaw.net

Lawrence H. Cooke II  
Edward P. Boyle  
Michael C. Hartmere  
*Motions for pro hac vice admission pending*  
VENABLE LLP  
Chrysler Building  
405 Lexington Avenue, 56th Floor  
New York, NY 10174  
(212) 307-5500  
(212) 307-5598 (fax)  
lhcooke@venable.com  
epboyle@venable.com  
mchartmere@venable.com

*******************
## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2007.

_____
Hon. Beverly B. Martin
UNITED STATES DISTRICT JUDGE